385 So.2d 376 (1980)
Joel MESSER
v.
DEPARTMENT OF CORRECTIONS, LOUISIANA STATE PENITENTIARY.
No. 13192.
Court of Appeal of Louisiana, First Circuit.
April 14, 1980.
*377 Phillip T. Hager, New Orleans, for plaintiff-appellant, Joel Messer.
William J. Guste, Jr., Atty. Gen., and Thomas S. Halligan, Asst. Atty. Gen., Baton Rouge, for defendant-appellee, Department of Corrections, Louisiana State Penitentiary.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Appellant, Joel Messer, seeks review of the trial court's denial of a writ of mandamus and subsequent judgment regarding payment due appellant for wrongful discharge from his employment.
In August of 1978 appellant filed for a writ of mandamus to compel compliance with the decree in the decision of Messer v. Department of Corrections, Louisiana State Penitentiary, 358 So.2d 975 (La.App. 1st Cir. 1978), wherein this court found that Messer had been unlawfully discharged from his employment and ordered that he be "... reinstated in his position as Corrections Food Manager III as of August 4, 1975, with full pay and emoluments of his position." (Emphasis added).
*378 Appellee, the State of Louisiana through the Department of Corrections, answered appellant's petition asserting that mandamus was inappropriate since the amount due to Messer was unresolved due to the uncertain definition of "emoluments" of appellant's position. Appellee further reconvened seeking a declaratory judgment establishing the amount due.
Mandamus was denied and a hearing was held for the purpose of determining the sum due. In written reasons, the trial court found that gross pay owed was $46,735.28 and that the State was entitled to a $35,903.00 setoff, pursuant to LSA-R.S. 49:113, representing wages which appellant earned in the interim. The trial court also found that Messer was entitled to $6,800.00 for the value of rent-free housing (as an "emolument" of his employment) minus $1,020.00 representing maintenance payments that would have been made to the State. Accrued annual and sick leave were disallowed.
Under the circumstances of this case, we find that mandamus is not a proper remedy. To enforce the prior decree of this court it became necessary to define the meaning of "emoluments" of appellant's position. Therefore, a purely ministerial duty, without an exercise of discretion, could not be performed. Since mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised the denial of the writ was proper. Hood v. Democratic Executive Committee, 234 So.2d 429 (La.App. 1st Cir. 1970).
Next, appellant argues that the Department of Corrections waived its right to avail itself of the setoff provisions of LSA-R.S. 49:113. We disagree. The question of setoff was not previously adjudged in our former decision. Therefore, the right to the setoff cannot be considered waived or abandoned. When reinstatement was ordered the State was then at liberty to urge the claim of setoff. To disallow the application of the setoff provision would result in obvious inequities. See Boucher v. Doyal, 210 So.2d 75 (La.App. 1st Cir. 1968).
Appellant further argues that LSA-R.S. 49:113 is discriminatory and unconstitutional in that a discharged employee may receive full back pay if reinstated by the commission, but be denied full back pay if reinstated by appellate courts. It has been held that the commission may apply the setoff provision; therefore, there is no merit to this assertion. LeBlanc v. New Orleans Police Department, 231 So.2d 568 (La. App. 4th Cir. 1970).
Appellant also objects to the trial court's ruling that there was insufficient proof to support an award for utilities as an emolument of his position. Though the hearing was for the specific purpose of determining the amount due, appellant nevertheless failed to introduce any evidence upon which a reasonable amount of the value of utilities could be based. Expert opinion as to the costs of utilities during the time frame involved, considering the size, insulation and circuitry of that particular house was not elicited. Although the trial judge has discretion to determine damages in the absence of exact mathematical proof, an absence of a minimal degree of detail or specificity as to the extent of loss precludes an award. Casadaban v. Bell Chemical & Supply Co., Inc., 322 So.2d 854 (La.App. 1st Cir. 1975). Appellant fell short of his burden and therefore it was not erroneous for the trial judge to deny an amount for utilities.
Next, appellant contends that the trial judge erred in failing to reinstate his retirement system as an emolument of his former position. We find that Mr. Messer's retirement system fund is an emolument of his former position within the context of our former decree. Therefore, Mr. Messer's entitlement to his retirement pension fund has been previously adjudicated in his favor. At the proceeding below it was only necessary that appellant prove what contribution was due from the State during the period in which he was not employed by the Department of Corrections due to his illegal discharge. This proof was accomplished by the stipulation that the State would have contributed $3,595.66 during this period.
*379 However, complete adjudication of this issue is not possible since the retirement system's Board of Trustees was not a party to the proceeding. Therefore, it is ordered that the Department of Corrections be required to pay the Board $3,595.66 if the Board ultimately determines that appellant has fulfilled the requirements for regaining membership to the system.
Appellant further contends that he is entitled to have accrued annual and sick leave credited toward his retirement pension.
LSA-R.S. 42:563 in part provides:
"§ 563. Conversion of annual and sick leave to retirement credit
A. All accumulated annual leave for which payment cannot be made in accordance with law and all unused sick leave accumulated at the time of retirement shall be credited to the member on the following basis:
* * * * * *
There shall be no limit to the amount of unused sick and annual leave that a member may convert to retirement credit on the basis of the above formula." (Emphasis added).
This statute clearly contemplates that the retirement pension be credited by an amount representing accumulated annual and sick leave only upon retirement. Mr. Messer did not retire from his position; therefore, he was not entitled to this credit and the trial judge was correct in his determination.
Finally, appellant contends that he is entitled to correction of a clerical error in the amount of $1,000.00 made in the judgment of the trial court.
In written reasons, the trial judge stated that appellant was entitled to $6,800.00 for the value of housing, minus $1,020.00 for maintenance payments made by appellant. However, in its concluding paragraph, the trial judge stated that "... plaintiff is entitled to judgment as follows: $10,832.28, less appropriate withholding, plus $4,780.00 ($6,800.00 minus $1,020.00) ..." $6,800.00 minus $1,020.00 equals $5,780.00, not $4,780.00. Therefore the judgment should be amended to reflect the correct result.
The judgment appealed from is therefore amended to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Joel Messer, and against the defendant, Department of Corrections, Louisiana State Penitentiary, in the amount of Ten Thousand Eight Hundred Thirty-Two and 28/100 ($10,832.28) Dollars, less appropriate withholdings for Federal Income Tax; plus Five Thousand Seven Hundred Eighty ($5,780.00) Dollars and Two Hundred Forty and no/100 ($240.00) Dollars. The defendant is to pay all costs of this litigation."
As amended, the judgment is affirmed at defendant's cost.
AMENDED AND AFFIRMED.