522 So.2d 177 (1988)
TWENTY-FOURTH JUDICIAL DISTRICT INDIGENT DEFENDER BOARD
v.
Honorable John J. MOLAISON, Parish Judge, 2nd Parish Court Division "A", Honorable Herbert G. Gautreaux, Parish Judge, 2nd Parish Court Division "B", Honorable J. Bruce Naccari, Parish Judge, 1st Parish Court Division "A", Honorable James M. Lockhart, Jr., Parish Judge, 1st Parish Court Division "A", Honorable George Giacobbe, Magistrate, City Court, City of Kenner, Honorable Calvin Hotard, Magistrate, City Court, City of Westwego, Honorable Gary Bougere, Magistrate, City Court, City of Harahan, Parish of Jefferson, State of Louisiana.
No. 88-CA-15.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
Rehearing Denied April 6, 1988.
Writ Denied May 12, 1988.
Samuel S. Dalton, Jefferson, for plaintiff-appellant.
Robert T. Garrity, Jr., Harahan, for defendants-appellees.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
KLIEBERT, Judge.
The Twenty-fourth Judicial District Indigent Defender Board (The Board) filed a petition for a writ of mandamus directing the judges and magistrates of the parish and city courts within the Twenty-fourth Judicial District to increase indigent defender *178 fund assessments on defendants convicted of traffic and misdemeanor offenses to $12.00 and $17.50 respectively, as recommended by The Board and approved by a majority of the judges and magistrates in the judicial district. LSA-R.S. 15:146.
The Honorable Cleveland J. Marcel, Sr., judge ad hoc,[1] held La.C.Cr.P. Article 887 grants city and parish court judges the unbridled discretion to suspend "court" costs and thus removes the assessment of such costs from the realm of a purely ministerial duty as necessary for the issuance of a writ of mandamus. Accordingly, he denied the request for the writ. The Board appealed.
Initially, this court, acting en banc, sought to transfer the case directly to the supreme court because it was felt the subject matter of the suit might place the matter outside the perimeter of this court's appellate jurisdiction. The transfer was refused and we were directed to consider the case on an expedited hearing. Pending the hearing the plaintiff filed a motion to strike the defendant's argument urging the unconstitutionality of R.S. 15:146. We referred the motion for hearing with the merits. Having now held the hearing, for the reasons which follow, we reverse the judgment of the trial court.
We decline to consider defendant's contention that R.S. 15:146 is unconstitutional. The constitutionality of a statute must be specially pleaded in the trial court, and the record does not reveal defendants advanced an assertion of unconstitutionality prior to the brief filed in this court. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); State in the Interest of J.B., 499 So.2d 611 (5th Cir. 1986).
On the merits of the appeal The Board contends that the portion of C.Cr.P. Article 887 granting authority to the sentencing court to waive costs applies only to prosecution costs; hence, it has no application to the special cost mandatorily required to be imposed by R.S. 15:146. Ergo, as the cost assessment provisions of R.S. 15:146 are mandatory, the imposition and collection of the special cost is a ministerial duty, the performance of which can and should have been compelled by the issuance of a writ of mandamus.
In our view the trial judge properly concluded a writ of mandamus may be directed to a public officer, including a sentencing judge, to compel the performance of a ministerial duty but will not be where an element of discretion is left to the public officer. See Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La. 1985). However, we believe he erred in holding the sentencing judge had, by virtue of C.Cr.P. Article 887, the authority to waive the imposition and collection of the cost assessed by R.S. 15:146.
We review first the historical basis for the assessment of the charge.
LSA-Constitution of 1974, Article I, Section 13, provides in part" * * * The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents." Pursuant to this constitutional directive the legislature enacted LSA-R.S. 15:141, et seq to provide for an administrative organization and finance of indigent defender systems at both the state and local levels. Sections 141 through 143, which provided for a state indigent defender board, were repealed by Acts 1981, No. 873. Section 144 provides for the establishment of an indigent defender board in each judicial district, and Section 145 sets forth the powers and duties of the boards. By Acts 1976, No. 653 § 1, Section 146 was added to create an indigent defender fund for each judicial district:
"A. There is hereby created within each judicial district an indigent defender fund which shall be administered by the district board and composed of funds provided for by this Section and such funds as may be appropriated or otherwise made available to it.

*179 B. (1) Every court of original criminal jurisdiction, except in the town of Jonesville and in mayors' courts in municipalities having a population of less than four thousand, shall remit the following special costs to the district indigent defender fund for the following violations, under state statute as well as under parish or municipal ordinance. The following costs shall be assessed in cases in which a defendant is convicted after a trial, a plea of guilty or nolo contendere, or after forfeiting bond, and shall be in addition to all other fines, costs, or forfeitures imposed:
(a) Not less than the sum of four and one-half dollars for each misdemeanor except a parking violation. Upon recommendation of the district board and by a majority vote of the judges of courts of original criminal jurisdiction in the district, this sum may be increased to not more than seventeen dollars and fifty cents.
(b) Not less than the sum of ten dollars for each felony. Upon recommendation of the district board and by a majority vote of the judges of courts of original criminal jurisdiction in the district, this sum may be increased to not more than seventeen dollars and fifty cents.
(c) In the Twenty-Seventh Judicial District, the sum of seventeen dollars and fifty cents for each felony and each misdemeanor, except a parking violation. Such sum shall be remitted to the fund until the indigent defender board certifies to the court that sufficient amounts are in the fund to pay timely the volunteer counsel appointed by the court to represent indigent defendants. After such certification, the court of the Twenty-Seventh Judicial District shall have the authority, from time to time as the needs of the fund require, to decrease and increase again the amount of special costs authorized by this Section. The amount of such costs shall not exceed seventeen dollars and fifty cents for each felony and for each misdemeanor, except a parking violation, and shall be not less than four dollars and fifty cents for each misdemeanor, except a parking violation, and not less than ten dollars for each felony.
(2) Such amounts shall be remitted by the respective recipients thereof to the judicial district indigent defender fund monthly by the tenth day of the succeeding month.
C. In addition to the funds provided for in Subsection B hereof the state shall pay to each district indigent defender board, on the warrant of its chairman, the sum of ten thousand dollars per annum.
D. The funds provided for in this Section and all interest or other income earned from the investment of such funds shall be used and administered by the district board. Added by Acts 1976, No. 653, § 1. Amended by Acts 1977, No. 362, § 1; Acts 1980, No. 458, § 1; Acts 1980, No. 530, § 1; Acts 1981, No. 141, § 1; Acts 1981, No. 177, § 1; Acts 1981, No. 281, § 1; Acts 1983, No. 240, § 1; Acts 1983, No. 649, § 1, eff. July 20, 1983; Acts 1984, No. 379, § 1; Acts 1985, No. 764, § 1."
R.S. 15:146 by its clear terms requires all municipal magistrates and judges within the Twenty-fourth Judicial District to assess the cost schedule adopted by the majority of the judges of the courts of original criminal jurisdiction in the district. These costs "shall" be assessed, "shall" be remitted. As used in the revised statutes the word "shall" is mandatory. LSA-R.S. 1:3. R.S. 15:146 does not provide for the suspension of indigent defender fund assessments. Had the legislature intended that such costs be suspended at the discretion of the sentencing court, such intent would have best been reflected by a reference in the statute.
Defendants contend La.C.Cr.P. Article 887, which provides for the suspension of "court costs," must be read in para materia with R.S. 15:146 and the statutes must be construed with reference to each other.
*180 La.C.C. Article 13.[2] C.Cr.P. Article 887 provides:
"Defendant's liability for costs; suspension of costs; no advance costs
A. A defendant who is convicted of an offense or is the person owing a duty of support in a support proceeding shall be liable for all costs of the prosecution or proceeding, whether or not costs are assessed by the court, and such costs are recoverable by the party or parties who incurred the expense. However, such defendant or person shall not be liable for costs if acquitted or if the prosecution or proceeding is dismissed. In addition, any judge of a district court, parish court, city court, traffic court, juvenile court, or family court within the state shall be authorized to suspend court costs.
B. All processes of the court shall issue without the payment of advance costs.
C. In addition to the costs provided in Paragraph A, a person convicted of a violation of R.S. 14:98 or of any municipal or parochial ordinance defining the offense of operating a motor vehicle under the influence of alcohol or drugs, who was subjected to a blood, breath, or urine analysis for alcohol, marijuana, morphine, or cocaine presence shall be assessed an additional fifty dollars as special costs. Such costs shall be paid to the state, parish, or local governing authority whose law enforcement agency performed the analysis. If the office of state police performed the analysis, the costs shall be forwarded for disposition in accordance with R.S. 40:1379.7. In the event the person is unable to pay the fine when assessed, the court may allow payment within certain time limits, based on the person's ability to pay such costs.
D. In addition to the costs provided in Paragraphs A and C, a person convicted of a violation of R.S. 14:98 or of any municipal or parochial ordinance defining the offense of operating a motor vehicle while under the influence of alcohol or drugs, shall be assessed an additional fifty dollars as special costs to be used to defray expenses of administering conditions of probation or of incarceration. If the offender is incarcerated, such costs shall be paid to the sheriff or other custodian of the facility in which the offender is incarcerated. If the offender is placed on probation as provided in R.S. 14:98(B) or (C), the court may order the apportionment and payment of all or a part of such costs to the agencies or persons responsible for administering the prescribed substance abuse program, driver improvement program, or community service activities. In addition, the person convicted of a violation of R.S. 14:98 or of any such municipal or parochial ordinance shall be assessed costs of the witness fee provided by R.S. 15:255(F).
E. In addition to the costs provided in Paragraphs A, C, and D, a person convicted of a felony, a misdemeanor, or ordinance of any local government shall be assessed an additional two dollars as special costs. Such special costs shall be used for the purpose of training law enforcement officers as directed by the council on peace officer standards and training. The proceeds of the special costs shall be paid to the Louisiana Commission on Law Enforcement and Administration of Criminal Justice to be used to train law enforcement officers and to provide assistance to local law enforcement agencies.

Amended by Acts 1970, No. 435, § 1; Acts 1980, No. 764, § 6; Acts 1981, No. 681, § 1; Acts 1981, Ex.Sess., No. 36, § 11, eff. Nov. 19, 1981; Acts 1983, 1st Ex.Sess., No. 57, § 1; Acts 1986, No. 263, § 2; Acts 1986, No. 562, § 1; Acts 1987, No. 265, § 1; Acts 1987, No. 331, § 1."
The 1970 amendment inserted "suspension of costs" in the article heading and inserted the third sentence in paragraph A. Paragraphs C, D, and E were added in 1981, 1983, and 1987 respectively.
*181 Defendants contend the reference to suspension of "court costs" in paragraph A encompasses the assessment of indigent defender fund costs. We disagree. Paragraph A addresses a defendant's liability for actual costs of prosecution or support proceedings; these are the "court costs" which may be suspended at the discretion of the trial court. The special assessment for the indigent defender fund is not based on actual costs incurred in the prosecution of a case against a particular defendant, but rather are "special costs" imposed on all defendants regardless of whether they used the system or the special costs fund.
The most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the legislature to enact it. La.C.C. Article 10;[3]F.W.F. Co., Inc. v. City of Gretna, 508 So.2d 897 (5th Cir.1987). When the reason and spirit of R.S. 15:146 are considered, an interpretation of the statute in para materia with La.C.Cr.P. Article 887 in such a manner as to subject the funding of the indigent defender system to the whim and caprice of individual judges is negated. Had the legislature intended that such assessment could be suspended in the trial court's discretion, such intent would have best been reflected by reference in the statutes. Article 887 cannot be construed as to permit abandonment of the substantive procedures prescribed in R.S. 15:146.
For the foregoing reasons the judgment of the trial court is reversed and the matter remanded to the trial court with instructions to issue a writ of mandamus directing all sentencing judges to impose and collect the charges set and agreed upon by a majority of the judges and magistrates in the Twenty-fourth Judicial District.
REVERSED AND REMANDED.
NOTES
[1] The judges of the Twenty-fourth Judicial District Court were recused from the case because of their interest in the outcome.
[2] By Acts 1987, No. 124, § 1, effective January 1, 1988, former C.C. Art. 17 was repealed. The substance of Article 17 was reproduced under Article 13.
[3] Former Article 18.