KLIEBERT, Judge.
The husband, George Singleton, appeals from a July 8, 1988 judgment, which vacated a December 2, 1987 consent judgment and reinstated a previously rendered October 30,1987 judgment partitioning the community existing between Singleton and his wife.
The procedural history of the judgments follows: On October 30, 1987 the trial judge rendered a judgment partitioning the community of acquets and gains formerly existing between Singleton and his -wife. Thereafter, the wife filed a timely motion for a new trial seeking an upward revision of the $15,000.00 value of a record collection, the ownership of which had been assigned to the husband by the partition judgment. During arguments on the motion for a new trial, counsel for the husband offered to assign the ownership of the record collection to the wife. Although the records were assigned to the wife at no value, the effect of the assignment of the ownership of the record collection to the wife was to increase by $7,500.00 the money payable by the wife to Singleton in order to equalize the community value received by each. The offer was accepted by counsel for the wife. On December 2,1987 a judgment was prepared and signed. The preamble of the judgment said “in accord with the agreement of counsel” and then went on to modify the original partition judgment to reflect the agreement of counsel. Two days later, the wife filed a motion entitled “Motion to Correct Judgment and Reassign Asset” alleging, inter alia, that the wife did not agree to the consent judgment of December 2, 1987. After a hearing on this rule, on July 8, 1988, the trial judge vacated the judgment of December 2, 1987 and reinstated the judgment of October 30,1987. On appeal the husband urges only a procedural argument, i.e., the consent judgment of December 2, 1987 could only be vacated by a petition and citation to annul the judgment brought pursuant to the provisions of La.Code of Civil Procedure Articles 2001, et seq. For the reasons hereafter assigned we reject the argument and affirm the trial court’s judgment of July 8, 1988.
The law affords a party several means to attack a merits judgment. This includes a timely filed motion for a new trial. See Cheramie v. Vegas, 468 So.2d 810 (1st Cir.1985). Under La.C.C.P. Articles 1973 and 1974, unless specifically prohibited, a new trial may be granted for any good ground, when applied for within seven days, exclusive of holidays, from the rendition of or, if required, notice of judgment.
The wife’s “Motion to Reassign Asset” was, in effect, a motion for a new trial, filed within the applicable time delays. A pleading is governed by its substance rather than its caption. La.C.C.P. Articles 865, 5051; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Scullin, Etc. v. Prudential Ins. Co., Etc., 421 So.2d 470 (4th Cir.1982). The trial court is *614 vested with great discretion in granting a new trial. Souza v. Souza, 428 So.2d 1204 (5th Cir.1983); Miller v. Chicago Ins. Co., 320 So.2d 134 (La.1975). Review of the record fails to reveal an abuse of discretion in granting a new trial and rendering a judgment reinstating the original judgment.
Accordingly, the judgment of the trial court is affirmed at the husband’s cost.
AFFIRMED.