GAUDIN, Judge.
This is an appeal by the City of Harahan from a district court judgment affirming an earlier decision of the Harahan Municipal Fire and Police Civil Service Board. The board had reversed a decision by the city’s police chief, John J. Doyle, terminating police officer Edward A. Cummings for falsifying a travel voucher.
In the absence of any recorded testimony, we are not in a reviewing posture to say the district court judgment was wrong; therefore, we affirm.
In the record is a 25-page transcript of the proceedings in the 24th Judicial District Court. Neither appellant nor Cummings elected to have a court reporter at the board meeting on May 3,1988; consequently, there is no official transcript of that hearing. The five-member board, did, how *644 ever, issue its findings, along with its unanimous decision, as follows:
FINDING OF FACT
1. Officer Cummings requested and was granted paid training leave in order to attend an anti-terrorist training school between June 23,1986 and June 27,1986.
2. Officer Cummings’ request implied that the school was to be conducted by, or under the auspices of, or was authorized by, or in some way had an official connection with, the Armed Forces of the United States of America.
3. No such relationship to the Armed Forces of the United States of America existed.
4. Officer Cummings was aware that no such relationship existed, if not before the leave period began, certainly by the end thereof.
5. Officer Cummings, upon his return: 1) failed to inform his superiors of the actual nature of his activities; 2) implied in the records that such activities did in fact constitute attendance at a school and/or training of the type for which he had been granted paid training leave; and 3) “stonewalled” in his testimony given in the Harahan Police Department’s internal investigation of the matter.
6. In 1987 there was an allegation of police brutality involving, among others, Chief of Police John J. Doyle.
7. There was an FBI investigation, later in 1987, into the charges of police brutality.
8. Officer Cummings testified in the FBI investigation, and his testimony was not favorable to Chief Doyle.
9. Chief Doyle was aware of Officer Cummings’ unfavorable testimony before he initiated the 1988 investigation into Officer Cummings’ activities in the relevant period of 1986.
10. The 1988 investigation into Officer Cummings’ activities in 1986 was initiated on the basis of a report of an overheard conversation between unspecified parties.
11.The actions taken in this matter are, or at least appear to be, inconsistent with those in other such matters.
DECISION OF THE BOARD
The evidence and testimony presented to the Board established that the alleged infractions by Officer Edward A. Cummings did occur, and did constitute cause for disciplinary action, but that the appointing authority, John J. Doyle, Chief of Police, City of Harahan, did not act in good faith. Therefore, the Board orders that Officer Cummings not be terminated, but rather that he be suspended without pay for a period of thirty (30) days commencing on April 8, 1988 and running through May 7, 1988.
The primary issue before the district judge and now before this Court is whether the board’s ruling was in good faith for cause under the provisions of civil service law. See LSA-R.S. 33:2561, which clearly states that appeals to the court shall not be allowed “... except upon these grounds.”
At the district court trial, there were no witnesses. The judge listened to lengthy arguments by attorneys representing, respectively, the city and the board, then stated:
“I’ve considered the entire record in the case. I’ve considered the memoranda of counsel and argument of counsel. The Court finds number one that there is no bad faith by the Harahan Municipal Fire and Police Civil Service Board and number two that the findings of fact are not clearly erroneous. Therefore, the decision of the Harahan Municipal Fire and Police Civil Service Board is affirmed.”
While it appears the chief may well have had cause to fire Cummings, the board found otherwise. Without any testimony for us to review, we find it difficult, almost impossible, to find that the district court judgment affirming the board should be set aside.
Civil service statutes do not require the board to have testimony transcribed. In its brief, the city argues, as an alternative to outright reversal of the board’s find *645 ings and the district court decree, that the case be remanded “for further proceedings,” i.e., for the taking of testimony. The city had this right, particularly at the board hearing, to have testimony recorded. Once this right is waived, we do not think it appropriate for this Court to restore it.
We do not say that an appellant without a transcript cannot prevail. We do believe, however, that an appeal minus recorded testimony on which findings of fact are made will succeed only rarely.
The City of Harahan is to bear costs of this appeal.
AFFIRMED.