590 So.2d 1359 (1991)
Edward A. CUMMINGS
v.
HARAHAN MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD.
No. 91-CA-339.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
As Amended January 31, 1992.
*1360 Ronald L. Wilson, New Orleans, for plaintiff/appellant.
Wayne D. Mancuso, Harahan, for defendant/appellee.
Before GAUDIN, DUFRESNE and FINK, JJ.
ELORA C. FINK, Judge Pro Tempore.
This appeal arises in a civil service employee discharge matter. Edward Cummings, the employee, appeals a judgment denying his petition for a writ of mandamus against the defendant, Harahan Municipal Fire and Police Civil Service Board (the Board), by which he seeks to obtain a hearing to determine the amount of back pay due him.
Cummings, who had been a police officer for the Harahan Police Department since 1985, was terminated from his position on April 8, 1988.[1] He filed a timely appeal with the Board and was granted a hearing. On May 3, 1988 the Board changed his termination to a suspension without pay for the period from April 8, 1988 to May 7, 1988, and ordered him reinstated in his job. John Doyle, Chief of the Harahan Police Department, appealed the Board's decision to the district court, but the decision was upheld both by the district court (June 2, 1988) and by this Court (July 17, 1989). See City of Harahan v. Cummings, 545 So.2d 643 (La.App. 5 Cir.1989).
Doyle, however, refused to reinstate Cummings. As a result, the Board filed suit against Doyle in the district court, seeking a writ of mandamus to compel Doyle to comply with its decision. The district court granted a writ of mandamus on February 28, 1990. On March 26, 1990, Doyle complied with the order and reinstated Cummings; Cummings immediately resigned and demanded back wages due him. Doyle refused to pay him.
Consequently, on April 27, 1990 Cummings filed a petition for mandamus against Doyle to compel payment of his back wages. The trial court denied relief on October 10, 1990, on the basis that the sum owed was uncertain because the issue of set-off had not been adjudicated. To resolve this issue, on November 3, 1990 Cummings sent a written request for a hearing to the Board to determine the *1361 amount of back pay owed to him. After a meeting on December 18, 1990, the Board denied his request for a hearing on the ground it was untimely.
Cummings thereafter filed the present suit, seeking a mandamus to compel the Board to conduct a hearing on the issues of back pay and set-off. The district court dismissed his petition on March 13, 1991, ruling that his request to the Board for a hearing was untimely and that he was not entitled to proceed by writ of mandamus. From that ruling Cummings takes this appeal.
On appeal the plaintiff assigns as error (1) the district court's conclusion that his request for a hearing regarding his back wages was untimely and (2) the court's refusal to issue a writ of mandamus. We discuss first whether mandamus is the proper procedural vehicle in this situation.

PROPRIETY OF MANDAMUS RELIEF
The plaintiff asserts that he timely contested his discharge, pursuant to the provisions of LSA-R.S. 33:2561, and that his right to back wages is unequivocal under LSA-R.S. 49:113; therefore, he contends, he is entitled to a writ of mandamus to force the Board to perform its duty to determine the amount.
The Board, citing LSA-C.C.P. art. 3862, contends a petition for mandamus is an improper procedural vehicle because a mandamus may not issue where the party has another adequate legal remedy. In this case, the Board points out, LSA-R.S. 33:2561 provides for appeal to the district court from a decision of the civil service board, an alternate remedy that precludes the court from issuing a writ of mandamus.
LSA-C.C.P. art. 3861 defines mandamus as "a writ directing a public officer... to perform any of the duties set forth in Articles 3863 and 3864." For our purposes, only Art. 3863 applies; it states, in pertinent part: "A writ of mandamus may be directed to a public officer to compel the performance of ministerial duty required by law * * *." A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means, or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. It is not an appropriate procedure where there is an element of discretion left to the public officer. 24th Judicial Dist. v. Molaison, 522 So.2d 177 (La.App. 5 Cir. 1988).
LSA-R.S. 49:113 mandates the payment of back wages to an employee illegally discharged from civil service employment:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
Thus, payment of back wages under such circumstances is not a discretionary matter.
LSA-R.S. 33:2561[2] provides that any employee in the classified civil service who has been discharged or subjected to corrective or disciplinary action without just cause may demand a hearing and investigation by the applicable civil service board within fifteen days after the action. The plaintiff here complied with that requirement. The statute further provides that either the employee or the appointing authority may appeal the board's decision:
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of the Part which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal, stating the grounds *1362 thereof * * *. [The designated] court thereupon shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.
(Emphasis added.)
Relying on the language of this section, the Board contends the appropriate procedural vehicle to contest its ruling denying the plaintiff a hearing to determine back wages would have been an appeal to the district court and, therefore, he cannot invoke relief via mandamus.
We note, however, the further language of the statute dealing with "good faith for cause" as the determinative rule for the appeal court to follow. "Good faith" has been defined, in relation to initial disciplinary actions, as "the opposite of arbitrary or capricious action or of action stemming from prejudice or political expediency on the part of the appointing authority." Cherry v. Monroe Mun. F. & Pol. Civ. S., 514 So.2d 738 (La.App. 2 Cir.1987); Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3 Cir.1975), writ denied, 325 So.2d 273 (La.1976). The term "for cause" is synonymous with legal cause. City of Westwego v. McKee, 448 So.2d 166 (La.App. 5 Cir.1984). We find no cases applying the "good faith for cause" standard in situations, such as that before us, where the initial determination has been made in the employee's favor and the only issue remaining is the amount of back wages to which he is entitled under R.S. 49:113.
Use of the writ of mandamus has been approved where a board seeks to enforce its orders or an employee seeks to enforce a court order for back pay. See Robinson v. City of Baton Rouge, 566 So.2d 415 (La.App. 1 Cir.1990); Hays v. Louisiana Wild Life and Fisheries Commission, 153 So.2d 562 (La.App. 3 Cir.1963). In Messer v. Department of Corrections, Etc., 385 So.2d 376 (La.App. 1 Cir.1980), mandamus was denied only because there was a question of the definition of "emoluments" to which the employee was entitledthus, "a purely ministerial duty, without an exercise of discretion, could not be performed." Id., at 378. Peete v. Scheib, 156 So.2d 280 (La.App. 4 Cir.1963), recognized an employee's right to bring a mandamus action to compel payment of lost wages, although the court held the plaintiff was required first to exhaust civil service administrative remedies regarding the legality of his suspension before pursuing a demand for back wages.
We conclude a mandamus proceeding is proper here, because once the courts determined that the plaintiff was illegally discharged, payment of his back wages became mandatory and is a ministerial duty imposed upon the appointing authority. Further, the alternative ordinary remedy of appeal has questionable relevance to the issues here, given the language of R.S. 33:2561 and the jurisprudence interpreting its provisions.
By analogy, we refer to LSA-R.S. 23:631, within the statutes dealing with payment of employees. It provides that upon discharge or resignation, an employee "of any kind whatever" is entitled to the undisputed portion of his wages within three days after the termination. Subsection B of the statute states an employee "shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592." LSA-C.C.P. art. 2592 list matters in which summary proceedings may be used; among them is a mandamus proceeding. A suit to enforce a wage claim thus may include an action for mandamus. This statute evinces a public policy to protect wage earners and to provide them with alternative methods of enforcing their claims.
We point out, further, that a pleading is governed by its substance rather than its caption. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Singleton v. Singleton, 540 So.2d 612 (La.App. 5 Cir.1989). Whether we view the pleading here as an application for writ of mandamus or as an ordinary petition for review by appeal to the district court, the same *1363 relief is sought and the same conclusions will be reached. The substance of the pleadings controls. The issue thus was properly before the trial court and this appellate court.

TIMELINESS OF REQUEST FOR HEARING ON BACK WAGES
The district court dismissed Cumming's action on the grounds that he was not entitled to the writ of mandamus by law and that his request to the Board for a hearing was untimely under LSA-R.S. 33:2561. The court held the plaintiff was required to make a claim with the Board "within fifteen days," although the court did not specify the date from which the time began to run.
The Board asserts that Cummings' request was untimely based on the fifteen-day time limit set out in R.S. 33:2561, because the plaintiff failed to request the hearing within fifteen days of any of the following dates:
(1) The last day of his suspension (May 7, 1988);
(2) The date the district court affirmed the Board's ruling that plaintiff had a right to reinstatement (June 2, 1991);
(3) The date Doyle refused the plaintiff's request for back wages (March 26, 1990).
The first paragraph of R.S. 33:2561 states:
Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request. * * *
(Emphasis added.)
Cummings contends this requirement was met by the filing of his initial complaint regarding his discharge. He asserts he is entitled to back wages by law and that the time limitations are inapplicable because his right to the wages flows from the initial judgment in his favor. We find merit in this argument.
LSA-R.S. 33:2561 deals with claims regarding "discharge or ... corrective or disciplinary action without just cause." A claim for back wages arising out of a wrongful discharge is outside the scope of the statute, because an employer's refusal to pay back wages to which an employee is legally entitled cannot be said to be a "corrective or disciplinary action"; rather, such refusal is a violation of the law.
Thus, a wage claim is not subject to the time limitation of R.S. 33:2561. Instead, suits for wages based on R.S. 49:113 prescribe in three years. LSA-C.C. art. 3494; Johnson v. Continental Slip Form Builders, 449 So.2d 56 (La.App. 5 Cir.1984).
Cummings was legally entitled to his back wages upon reinstatement. As stated above, it is in the public interest to protect that entitlement. Further, civil service rules are intended to protect public employees rather than to deprive them of rights accorded to other citizens.
Accordingly, we conclude the trial court erred in ruling the plaintiff's request for a hearing was untimely.

DECREE
For the foregoing reasons, the judgment of the district court is reversed. Judgment is hereby rendered in favor of the plaintiff, Edward A. Cummings, and against the defendant, Harahan Municipal Fire and Police Civil Service Board.
IT IS ORDERED, ADJUDGED AND DECREED that the defendant, Harahan Municipal Fire and Police Civil Service Board, conduct a hearing within ninety (90) days of the date this judgment is final to determine the amount of back wages owed to the plaintiff, if any, and appropriate set-offs or credits, if any, for the period from May 8, 1988 to March 26, 1990.
Costs of this appeal are assessed against the defendant-appellee.
REVERSED AND RENDERED.
NOTES
[1] The facts leading to Cummings' dismissal, although recited in his brief, were not made part of the record on this appeal; accordingly, we shall not discuss the circumstances of his termination.
[2] LSA-R.S. 33:2501 and LSA-R.S. 33:2561 contain the same provisions, although in slightly different formats. LSA-R.S. 33:2471 provides that R.S. 33:2501 applies to municipalities with populations between 13,000 and 250,000; pursuant to LSA-R.S. 33:2531, R.S. 33:2561 applies to municipalities with populations between 7,000 and 13,000.