632 So.2d 3 (1994)
STARLIGHT HOMES, INC.
v.
The JEFFERSON PARISH COUNCIL.
No. 93-CA-746.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
*4 Arcenious F. Armond, Jr., Gretna, for plaintiff-appellant.
Ned J. Chiro, Hans J. Liljeberg, Asst. Parish Attys., Gretna, for defendant-appellee.
Before KLIEBERT, C.J., and DUFRESNE and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff, Starlight Homes, Inc., filed a Petition for Writ of Mandamus seeking to require the Parish of Jefferson to accept its bid on a public works contract and award it the contract. The Parish filed exceptions of unauthorized use of summary proceedings, no right or no cause of action and, alternatively, a motion for summary judgment. Following argument, the trial court rendered judgment granting the exceptions of unauthorized use of summary proceedings and no cause of action. Plaintiff appeals. We affirm.
The Parish of Jefferson sought to hire a contractor to repair sidewalks, curbs, driveways, and aprons which were damaged due to Parish repair and/or maintenance programs, (hereinafter the sidewalk contract). The job was advertised for bids in accordance with the Public Bid Law, LSA-R.S. 38:2211, et seq. Among the provisions contained in the bid instructions was the following:
"Jefferson Parish reserves the right to reject any and all bids in whole or in part and to waive any and all formalities in the best interest of Jefferson Parish."
On March 16, 1993, sealed bids were opened and plaintiff was announced as the lowest bidder. However, in part due to the complaint of an unsuccessful bidder that plaintiff's bid was unbalanced,[1] the Parish refused all bids and decided to rewrite the specifications, then advertise again for bids.
In Cummings v. Harahan Municipal Fire and Police Civil Service Bd., 590 So.2d 1359, 1361 (5th Cir.1991), this Court stated:
LSA-C.C.P. art. 3861 defines mandamus as "a writ directing a public officer... to perform any of the duties set forth in Articles 3863 and 3864." For our purposes, only Art. 3863 applies; it states, in pertinent part: "A writ of mandamus may be directed to a public officer to compel the performance of ministerial duty required by law * * *." A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means, or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862. It is not an appropriate procedure where there is an element of discretion left to the public officer. 24th Judicial Dist. v. Molaison, 522 So.2d 177 (La.App. 5th Cir.1988).
See also Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985).
The Public Bid Law is prohibitory in character because its purpose is to advance the interests of the tax paying citizens. Haughton Elevator Division v. State, 367 So.2d 1161 (La.1979). The purpose of the law is to prevent public officials from awarding contracts on the basis of favoritism or at possible exorbitant and extortionate prices. Id.; Airline Construction Co., Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990). The jurisprudence interpreting the public bid law has established a right in the lowest responsible bidder to receive the advertised contract, if any is let, as a result of the bidding. Haughton, supra. The statute gives the awarding authority the necessary discretion to determine the responsibility of the bidders but does not allow the arbitrary selection of a higher bidder based on intangible factors not addressed in the project specifications. Pittman Construction Co. v. Parish of East Baton Rouge, 493 So.2d 178, 191 (1st Cir.1986), writ denied 493 So.2d 1206 (La.1986). Although that discretion has been limited by the 1982 and 1983 amendments to the public bid law requiring "just cause" for the rejection of the lowest responsible bidder, where the advertisement allows for the rejection of all bids, "just cause" is not required to reject all bids and readvertise the project. See LSA-R.S. 38:2215; Thigpin *5 Construction Co., Inc. v. Parish of Jefferson, 560 So.2d 947 (5th Cir.1990); HTW Transportation Co., Inc. v. New Orleans Aviation Board, 527 So.2d 339 (4th Cir.1988).
In the case at bar, the court is asked to issue a writ of mandamus requiring the Parish to enter into the sidewalk contract with plaintiff. Plaintiff contends a mandamus is appropriate because the Parish did not accept or reject the bid within the thirty day time period mandated by R.S. 38:2215(A)[2] and thus must be compelled to perform its ministerial duty and execute the contract.
The Parish clearly had discretion in its action. First, the bid instructions provided the Parish reserved its right to reject all bids. Secondly, plaintiff allegedly submitted an unbalanced bid which would allow for the rejection of that bid because plaintiff would not be the lowest responsible bidder. Plaintiff argues the contractor who contested its bid was not the second low bidder and thus has no right to contest the low bid. This argument has no merit. LSA-R.S. 38:2220(B) provides "... any interested party possesses a right of action to bring suit... to nullify a contract brought in violation of this Part." Bristol Steel and Iron Works, Inc. v. State of Louisiana, 507 So.2d 1233 (La.1987). Thus, any bidder and the Parish would clearly be an interested party in this lawsuit to advance the interest of the taxpaying citizens.
Additionally, plaintiff's interpretation of R.S. 38:2215 is clearly wrong. The statute reads that "... [t]he public entity upon receipt of bids for the undertaking of any public construction contract, shall act within thirty calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids."
The statute clearly gives the public entity the option to accept the lowest responsible bidder or reject all bids if the bid instructions allow for the rejection of all bids. When the public entity fails to either accept a bid or reject all bids within the thirty day period, a bidder may petition the court to require the public entity to either accept a bid or reject all bids. However, the public entity cannot be required to accept a particular bid. Thus, defendant's exception of unauthorized use of summary proceedings and no right or no cause of action were properly granted.
We do not reach the question of whether the Jefferson Parish Home Rule Charter supersedes the Public Bid Law.
For the foregoing reasons, the trial court judgment granting defendant's exceptions is affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] "Unbalanced bid" is defined as:

An unbalanced bid is one where items used frequently are bid at unreasonably high prices and those items listed but never used are bid at unreasonably low prices thereby reducing the overall bid price.
[2] LSA-R.S. 38:2215(A) provides as follows:

The public entity upon receipt of bids for the undertaking of any public construction contract, shall act within thirty calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids. However, the awarding authority and the lowest responsible bidder may mutually agree to extend the deadline beyond thirty calendar days. The provisions outlined herein shall not be applicable when the contract is to be financed by bonds which are required to be sold after receipt of bids on the construction contract, or when the contract is to be financed in whole or in part by federal or other funds which will not be readily available at the time construction bids are received, or on contracts which require a poll of the legislature of Louisiana before funds are available to fund the contract. In the event the time limit stipulated herein is not applicable because of one of the exceptions outlined above, this fact shall be mentioned in the specifications for the construction project and in the official advertisement for bids required in accordance with R.S. 38:2212.