PLOTKIN, Judge.
| iDefendant City of New Orleans (City) appeals a trial court judgment granting an injunction and issuing a writ of mandamus in favor of plaintiff New Orleans Rosenbush Claims Service, Inc. (Rosenbush). For the reasons set forth below, we reverse.
Rosenbush was one of four companies submitting bids to provide “administrative services” for the City’s self-funded workers’ compensation program for a one-year period beginning May 1, 1993 and ending April 30, 1994, pursuant to a request for bids, proposal FTC-#2618. The bid proposal contained the following provision:
The Department of Finance, Bureau of Purchasing, reserves the right to reject any and all bids and to waive any informal-ities.
Because two of the four bids received by the City in response to bid proposal FTC- # 2618 were disqualified, Rosenbush’s bid of $425,869.60 became the lowest bid. However, on May 17, 1993, the City sent a letter containing the following statement to Rosen-bush and to Crawford & Co., the other remaining bidder:
|2We desire to reject all bids because we have determined that the contract should be awarded as a Professional Service Agreement, pursuant to the City’s RFP Policy and because we desire to open the scope of service under the RFP Policy, both of which are in the best interest of the City.
In response to this letter, Rosenbush filed a petition for preliminary and permanent injunction preventing the City from taking any steps to award a contract for administrative services of the City’s workers’ compensation program pursuant to a new bid proposal, and seeking a writ of mandamus requiring the City to award the contract to Rosenbush pursuant to bid proposal FTC-# 2618. The trial court ruled in favor of Rosenbush, issuing both the injunction and the writ of mandamus. The City has appealed.
Because we find that the trial court judgment was in error under the applicable jurisprudence regarding a bidding authority’s *546 right to reject all bids, we reverse the trial court judgment.[1] This court has previously held in HTW Transportation Co., Inc. v. New Orleans Aviation Board, 527 So.2d 339 (La.App. 4th Cir.1988), writs denied 532 So.2d 121, 532 So.2d 122, and 532 So.2d 129 (La.1988), that the courts of this state have no authority to require a bidding authority to accept the low bid on a project when the bidding authority has reserved the right to reject any and all bids, as the City has here. Id. at 343.
Rosenbush claims that the result in HTW was in error under the 1982, 1983, and 1990 amendments to the State Public Bid law, which restrict an awarding agency’s discretion to require “just cause” for thé rejection of the lowest responsible bidder. LSA-R.S. 38:2214. Rosenbush claims that that provision of the public bid law requires just cause for rejection of bids, even if the bidding authority decides to reject all bids.
However, that argument was specifically rejected by this court in HTW Transportation Co., which acknowledged the “just cause” requirement imposed by the 1982 and 1983 amendments, but nevertheless found that requirement inapplicable when the bidding authority decided to reject all bids.[2] 527 So.2d at 342. Furthermore, that princi-plejahas been adopted by the Louisiana Fifth Circuit Court of Appeal which recently rejected the exact argument made by Rosen-bush here, stating as follows:
Although [the] discretion [to reject bidders] has been limited by the 1982 and 1983 amendments to the public bid law requiring “just cause” for the rejection of the lowest responsible bidder, where the advertisement allows for the rejection of all bids, “just cause” is not required to reject all bids and readvertise the project.
Starlight Homes, Inc. v. Jefferson Parish Council, 632 So.2d 3, 4 (La.App. 5th Cir.1994), writ denied 637 So.2d 462 (La.1994).
Accordingly, the trial court judgment granting the injunction and issuing the mandamus in favor of Rosenbush is reversed. Rosenbush’s suit is dismissed at its cost.

REVERSED.

. Although the City makes a number of arguments for reversal of the trial court judgment, we will discuss only one of those arguments, since our decision on that issue makes consideration of the other arguments Unnecessary.

. The 1990 amendments do not change the provision in any manner significant to this appeal.