1 THIBODEAUX, Judge.
This is an appeal from a writ of mandamus issued by the district court compelling the judge of the city court of New Iberia and the clerks of court for the city court of New Iberia, Jeanerette and the municipal courts of Delcambre and Loreauville, to collect a $3.00 fee in addition to the normal fines, costs or forfeitures, Rfor each civil filing and criminal ease. The judge of the City Court of New Iberia refused to collect the fees. Safety Net for Abused Persons (SNAP), a private non-profit corporation which provides support and counseling for victims of family violence, sued him and the clerk of court for the city of New Iberia and requested an order compelling them to perform these functions.
The city court judge and the clerk of court contend that the statute authorizing the collection of the $3.00 fee is unconstitutional. We agree. For the following reasons, we recall, vacate and set aside the Writ of Mandamus directing the city court judge and clerk of court to comply with La.R.S. 13:1906.

FACTS

In 1992 the Louisiana legislature enacted La.R.S. 13:1906 authorizing the collection of certain funds to support a program designed to aid victims of family violence. Specifically, this provision directs the clerks of court for the city courts of New Iberia, Jeanerette, and the municipal courts of Delcambre and Loreauville to “collect from every person filing any type of civil suit or proceeding a fee of three dollars per filing” in addition to the maximum court cost provided by law. La. R.S. 13:1906(A). In a criminal proceeding, “an additional fee of three dollars shall be collected by the clerk of the city or municipal court” in addition to all other fines, costs or forfeitures. La.R.S. 13:1906(B). The statute further directs these clerks to deposit the collected funds in a special account designated as the “SNAP Shelter Fund for Iberia Parish,” and the funds, once deposited, may be used at the discretion of the board of directors of SNAP. The Honorable Robert L. Segura, City Court Judge for the City Court of New Iberia, refused to collect the fee mandated by La.R.S. 13:1906. He also suspended the imposition and collection of that portion of his court costs. SNAP filed a petition for a writ of mandamus directing the Honorable Judge | gSegura to enforce the provisions of La.R.S. 13:1906. The Honorable Kathryn D. Boudreaux, Clerk of Court for the City Court of New Iberia, was subsequently named as a defendant. Safety Net For Abused Persons argued below that Judge Segura and the City Clerk of Court for New Iberia are required by La.R.S. 13:1906 to collect filing fees for its use. The *154 trial court agreed and issued writs of mandamus directing defendants to perform the mandatory functions designated by this special legislation. Dissatisfied with this ruling, defendants now appeal.

ISSUE

Whether La.R.S. 13:1906 passes constitutional scrutiny pursuant to La. Const, art. 7, § 14(A) is the specific issue we must resolve.

LAW AND DISCUSSION

Louisiana Constitution Article 7, Section 14 provides as follows:
§ 14 Donation, Loan, or Pledge of Public Credit
Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
(B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy....
(C) Cooperate Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Clearly, Article 7 § 14(A) of the Louisiana State Constitution prohibits a political subdivision from donating funds to nonprofit corporations. Therefore, to the extent |4the statute requires city court judges in the named cities to collect and the clerks of court to remit the funds to SNAP, it is unconstitutional under § 14(A). However, SNAP argues that the exceptions contained in La. Const, art. 7 §§ 14(B) and (C) are applicable in the present case. Louisiana Revised Statute 13:1906, which provides a means to collect and use public funds for a program of social welfare, fits within the exceptions, it contends. We disagree.
The state or a political subdivision thereof can certainly contract with a private entity under La. Const, art. 7 § 14(C). The Louisiana State Office of Women’s Services did exactly that in contracting with SNAP to provide services to those persons identified as victims of domestic violence. However, there is no contract between SNAP and the respective city courts to fund the private entity. Can the state force a local entity to fund it? That is the crux of the issue. We do not think so. The appropriation of monies to provide services to the benefit of social welfare and the needy is a legislative function. La. Const, art. 3. The judicial function does not include the collection of fines and costs for the purpose of facilitating the objectives of these organizations, no matter how noble their purpose. La. Const, art. 5.
SNAP’s reliance on Twenty-Fourth Judicial District Indigent Defender Board v. Molaison, 522 So.2d 177 (La.App. 5 Cir.), writ denied, 524 So.2d 512 (La.1988) is misplaced. SNAP gleaned from that opinion that city court judges are without the authority to exempt the parties from the collection of the $3.00 fees. In Molaison, the court held that sentencing judges of the Twenty-Fourth Judicial District did not have the authority to waive the imposition and collection of indigent defender fund assessments. However, unlike the case sub judice, there is a constitutional provision providing for an indigent defender program. The statute under consideration in Molaison was an enabling statute designed to effect a constitutional ^mandate. Here, there is no such constitutional mandate to provide services such as those provided by SNAP. As much as this court is sympathetic to the goals and objectives of such worthy organizations as SNAP, the legislature cannot impose its functions on another branch of government for the purpose of funding a legislative project for which it is responsible.

CONCLUSION

For the foregoing reasons, the writ of mandamus directing the Honorable Robert *155 Segura and the Honorable Katherine Bou-dreaux to comply with the requirements of La.R.S. 13:1906 is recalled, vacated and set aside.
REVERSED. WRIT OF MANDAMUS VACATED AND SET ASIDE.
AMY, J., concurs and assigns written reasons.
COOKS, J., dissents and assigns written reasons.